IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RONALD PROKUPEK, and<br>CHRISTINE PROKUPEK,<br><br>  Plaintiffs,<br><br>  v.<br><br>JON BRUNING, State of Nebraska<br>Attorney General; and ERIC<br>HOLDER, United States Government<br>Attorney General,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 4:13CV3225<br><br><br><br>**MEMORANDUM**<br>**AND ORDER** |

Plaintiffs filed their Complaint in this matter on December 30, 2013. (Filing No. 1.) Plaintiffs have been given leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

Plaintiffs filed their Complaint against State of Nebraska Attorney General Jon Bruning and United States Attorney General Eric Holder. (Filing No. 1 at CM/ECF p. 1.) Plaintiffs' allegations are vague and conclusory. As best as the court can tell, Plaintiffs allege that they were criminally prosecuted in 2008 and later acquitted in 2011. (*Id.* at CM/ECF pp. 4-5.) Plaintiffs do not allege how or if Defendants were directly involved or causally connected to this criminal prosecution. Rather, they generally allege Defendants had a "professional obligation" to protect Plaintiffs' rights, they were "negligent," and their "malicious prosecution and imbalance of power is found throughout the docket, official records and proceedings." (*Id.* at CM/ECF p. 6.) As relief, Plaintiffs seek "damages deemed fair, just and proper by law." (*Id.* at CM/ECF p. 7.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). Even when liberally construed, Plaintiffs do not give Defendants fair notice of their claims or the grounds upon which their claims rest. Plaintiffs do not allege how or if Defendants were directly involved or

2

causally connected to their criminal prosecution. Indeed, rather than clearly describing the claims advanced, Plaintiffs state that the parties are "fully aware of the political struggle" between them and ask for "privacy on such matters." (*Id.* at CM/ECF p. 1.) However, as set forth above, pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Twombly*, 550 U.S. at 569-70.

On the court's own motion, Plaintiffs shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes their claims against Defendants. *Plaintiffs should be mindful to explain what Defendants did to them, when Defendants did it, how Defendants' actions harmed them, and what specific legal rights Plaintiffs believe Defendants violated.* If Plaintiffs fail to file an amended complaint in accordance with this Memorandum and Order, their claims against Defendants will be dismissed without prejudice and without further notice. Finally, the court reserves the right to conduct further review of Plaintiffs' claims pursuant to 28 U.S.C. § 1915(e)(2) after they addresses the matters set forth in this Memorandum and Order. Accordingly,

IT IS THEREFORE ORDERED that:

1. Plaintiffs shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim upon which relief may be granted against Defendants in accordance with this Memorandum and Order. If Plaintiffs fails to file an amended complaint, their claims against Defendants will be dismissed without further notice.

2. The clerk's office is directed to send to Plaintiffs a copy of the civil complaint form.

3.  The clerk's office is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on June 16, 2014.

4.  Plaintiffs shall keep the court informed of their current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 23rd day of May, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.