IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RONALD J. PROKUPEK, and CHRISTINE R. PROKUPEK, | ) ) ) | 4:13CV3225 |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | **MEMORANDUM AND ORDER** |
| JON BRUNING, and ERIC HOLDER, | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. For the reasons discussed below, the court will give Plaintiffs an opportunity to file a second amended complaint.

## I. BACKGROUND

On May 23, 2014, the court conducted an initial review of Plaintiffs Ronald and Christine Prokupek's Complaint. (Filing No. 10.) The court determined the Complaint failed to state a claim upon which relief may be granted. The court wrote, in relevant part:

> Even when liberally construed, Plaintiffs do not give Defendants fair notice of their claims or the grounds upon which their claims rest. Plaintiffs do not allege how or if Defendants were directly involved or causally connected to their criminal prosecution. Indeed, rather than clearly describing the claims advanced, Plaintiffs state that the parties are "fully aware of the political struggle" between them and ask for "privacy on such matters." (*Id.* at CM/ECF p. 1.) However, as set forth above, pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or

"their complaint must be dismissed" for failing to state a claim upon which relief can be granted.

(*Id.* at CM/ECF pp. 2-3.)

Plaintiffs filed an Amended Complaint on June 16, 2014, naming as the defendants Eric Holder, Jon Bruning, and "all departments, and employees assigned thereunder or acting thereunder." (Filing No. 11.) Plaintiffs generally assert Fourth Amendment violations and a state-law claim for malicious prosecution. (*Id.* at CM/ECF p. 3.)

In Plaintiffs' Amended Complaint, Plaintiffs allege they were subject to a traffic stop on February 29, 2008, after which they were arrested and charged with possession with intent to deliver methamphetamine. (*Id.* at CM/ECF p. 2.) They were ultimately convicted. After 10 months of incarceration, the Eighth Circuit Court of Appeals vacated their convictions.[1] Plaintiffs argue (1) the search and seizure of their vehicle, which led to their conviction, was unlawful; (2) they were "falsely imprisoned" for 10 months; (3) the prosecutor was advised of "various issues/torts/complaints in regard to the proceedings" but nonetheless continued to

---

[1]The court judicially notices the public records contained in *USA v. Prokupek*, Case No. 8:08CR183. *See Stutzka v. McCarville*, 420 F.3d 757, 761, n.2 (8th Cir. 2005) (court may take judicial notice of public records). These records reflect the Prokupeks were separately charged by indictment with possession with intent to distribute methamphetamine in the United States District Court for the District of Nebraska in 2008. (*See USA v. Prokupek*, Case No. 8:08CR183.) On November 17, 2009, the Prokupeks entered conditional guilty pleas. (8:08CR183, Filing No. 96 and Filing No. 102.) On January 24, 2011, the Eighth Circuit Court of Appeals determined that the traffic stop that led to the Prokupeks' conviction violated the Fourth Amendment. *U.S. v. Prokupek*, 632 F.3d 460 (8th Cir. 2011). Thereafter, the court dismissed the criminal charges against the Prokupeks without prejudice to reassertion by the government. (8:08CR183, Filing No. 181.)

prosecute Plaintiffs; and (4) Defendants, "or their employees," failed to intervene. (*Id.* at CM/ECF p. 3.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION

### A.    Eric Holder and Jon Bruning

In order to state a cause of action under § 1983, a plaintiff must identify the defendants who were either personally involved in a constitutional violation or had direct responsibility for incidents that injured him. *See Martin*, 780 F.2d at 1338

(holding claim not cognizable under § 1983 because plaintiff did not allege defendant was personally involved in or had direct responsibility for incidents that injured him). Personal involvement of the named defendant is an essential element of any § 1983 claim because the doctrine of *respondeat superior* does not apply to actions brought under § 1983. See [Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992)](#).

Throughout Plaintiffs' Amended Complaint, Plaintiffs refer generally to actions or omissions by "Defendants." Plaintiffs have named as "Defendants" Eric Holder, Jon Bruning, and "*all departments, and employees assigned thereunder or acting thereunder*." (Filing No. [11 at CM/ECF p. 1](#) (emphasis added).) Plaintiffs do not allege any specific actions or omissions taken by Eric Holder or Jon Bruning. Indeed, it appears to the court that Plaintiffs are arguing Eric Holder and Jon Bruning are liable for their *subordinates*' actions. It also appears to the court that Eric Holder and Jon Bruning have been named as defendants merely because they are attorneys general. If so, Plaintiffs' claims against them fail as a matter of law. See [Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992)](#) ("Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury"). On the court's own motion, Plaintiffs will be given an opportunity to file a second amended complaint that identifies each defendant, and alleges that each individual defendant, through his own actions or omissions, violated Plaintiffs' constitutional rights.

### B. Fourth Amendment

Plaintiffs seek monetary damages for Fourth Amendment violations that occurred during the traffic stop at issue in this case. Specifically, Plaintiffs argue that the vehicle they occupied was searched without probable cause and they were arrested without probable cause.

In *USA v. Prokupek*, the Eighth Circuit Court of Appeals determined that the traffic stop at issue violated the Fourth Amendment. 632 F.3d at 460. However, as discussed above, in order to state a cause of action under § 1983, the plaintiff must identify the defendants who were either personally involved in a constitutional violation or had direct responsibility for incidents that injured him. *See Martin*, 780 F.2d at 1338. Here, Plaintiffs did not name as a defendant the arresting officer or any other individual involved in the traffic stop. Thus, as pled, Plaintiffs' Fourth Amendment claims cannot proceed to service of process. However, on the court's own motion, Plaintiffs will be given an opportunity to file a second amended complaint that names a defendant who was personally involved in the Fourth Amendment violation or had direct responsibility for incidents that injured them.

### C. Malicious Prosecution

Liberally construed, Plaintiffs have also asserted a state law claim for malicious prosecution. In Nebraska, the elements of malicious prosecution are:

> (1) the commencement or prosecution of the proceeding against the plaintiff, (2) its legal causation by the present defendant, (3) its bona fide termination in favor of the plaintiff, (4) the absence of probable cause for such proceeding, (5) the presence of malice therein, and (6) damages.

*McKinney v. Okoye*, 842 N.W.2d 581, 591-92 (Neb. 2014).

Here, Plaintiffs have not alleged facts sufficient to state a malicious prosecution claim. Plaintiffs have not identified a defendant that caused the commencement or prosecution of a proceeding against them. Even if the court were to read Plaintiffs' Amended Complaint as asserting their malicious prosecution claims against Eric Holder and Jon Burning, Plaintiffs have not alleged that they were in any way involved in Plaintiffs' prosecution or, if they were, that they acted with malice.

Thus, as pled, Plaintiffs' malicious prosecution claim cannot proceed to service of process. However, on the court's own motion, Plaintiffs will be given an opportunity to file a second amended complaint that states a malicious prosecution claim upon which relief could be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiffs shall have 30 days from the date of this Memorandum and Order to file a second amended complaint in accordance with this Memorandum and Order. Failure to file a second amended complaint will result in dismissal of this matter without prejudice and without further notice.

2. The clerk's office is directed to set a pro se case management deadline in this matter: September 8, 2014: Check for amended complaint.

DATED this 31st day of July, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.